ELIZABETH WALKER and others, Executors, etc., Appellants, v. CHARLES B. SHOEMAKER, Respondent.

*Action for rent — when counter-claim may be interposed.*

In an action brought to recover rent, a mere trespass, or a tort of any character not amounting to eviction in whole or in part, cannot be set up as a defense.

Where a landlord, being desirous of repairing the roof of his building, agreed with the tenant that if he would allow him to enter upon the premises and repair the same, he would do the work with diligence, care and caution, which he failed to do, whereby the tenant was injured: *held*, that the tenant might set up the damages sustained thereby as a counter-claim in an action brought by the landlord to recover rent.

*Cram* v. *Dresser* (2 Sandf., 120) distinguished.

Appeal from an order made at the Special Term, overruling a demurrer to the counter-claim set up in the defendant's answer.

*Emile Beneville*, for the appellants. The cause of action set forth in the counter-claim, does not grow out of any contract; and, although pleaded in form *ex contractu*, is a pure tort, and cannot be counter-claimed in an action for rent. The defendant's remedy is an action for damages resulting from the plaintiffs' negligent and abusive use of the license granted them. (*Cushing* v. *Adams*, 18 Pick., 110–114; *Drake* v. *Cockroft*, 4 E. D. Smith, 34; *Mayor, etc.*, v. *Parker Vein S. S. Co.*, 21 How., 289; *Wendell* v. *Johnson*, 8 N. H., 220; *Reynolds* v. *Clark*, 1 Str., 624; *Cram* v. *Dresser*, 2 Sandf., 120.) Nor can the defendant, by changing the form of his action, change the nature of the plaintiffs' liability, and convert that into a contract, which the law deems a tort. (*Walter* v. *Bennett*, 16 N. Y., 252; *Mayor, etc.*, v. *Parker Vein S. S. Co.*,

21 How., 289.) And in no case is the tenant's claim for damages resulting from the landlord's negligence or trespass, and not amounting to an eviction, an answer to an action for rent. (*Dyett* v. *Pendleton*, 8 Cow., 729; *Edgerton* v. *Page*, 20 N. Y., 281.) The injuries, in the case at bar, are alleged to be inflicted on the defendant's personal property, and are not to the possession or quiet enjoyment of the demised premises. (*Drake* v. *Cockroft*, 4 E. D. Smith, 34.) The matter pleaded in defendant's counter-claim is not a contract, since it lacks one of the principal elements of a contract, viz., *consideration.* (1 Pothier on Oblig., 123; 1 Parsons on Cont., 427; Blackstone Com., bk. II, p. 444.) The permission to enter the demised premises was a mere technical license, and an abuse of it would give the tenant a right of action for damages. (3 Kent's Com., 452; *Wolf* v. *Frost*, 4 Sandf. Ch., 73; *Cook* v. *Stearns*, 11 Mass., 533.)

*Jos. K. Murray*, for the respondent.

BRADY, J. :

The action is to recover rent. The defense is a counter-claim. The facts constituting it are as follows: After the defendant had taken possession, plaintiffs obtained the right, by agreement with him, to put a new roof on the house demised, which was not needed to prevent waste or injury — a privilege not reserved by the agreement of rental. In consideration of this right, thus granted, the plaintiffs promised to do the work with diligence, care and caution, which they failed to do, and by which failure the defendant was injured. The court at Special Term held that these elements presented a good defense by way of counter-claim, and overruled the plaintiffs' demurrer, by which the converse of the proposition was sought to be maintained. The defense by way of counter-claim, in actions of this kind, has been limited by the cases, and the rule declared is, that a mere trespass, and indeed a tort of any character, not amounting to eviction in whole or in part, cannot be set up as a defense. (*Cushing* v. *Adams*, 18 Pick., 110, 114; *Drake* v. *Cockroft*, 4 E. D. Smith, 34; *Mayor, etc.,* v. *Parker Vein S. S. Co.*, 21 How., 289; *Cram* v. *Dresser*, 2 Sandf., 120; *Edgerton* v. *Page*, 20 N. Y., 281.)

It must appear, to create such a defense, that the acts of the

landlord amount to a breach of the contract of letting; otherwise they are not connected with the subject of the action. (*Edgerton* v. *Page*, *supra*.) None of these adjudications, however, discuss the effect of the provisions of the Code in relation to counter-claims, to which particular reference will be made hereafter, and none of them bear any analogy to this case, except *Cram* v. *Dresser* (*supra*). In that case the landlord entered to make repairs under a right thereto reserved in the lease, and the defendant, feeling aggrieved by the manner in which the right was exercised, claimed damages in diminution of the rent, but the claim was rejected. The decision was made, however, before the provisions of the Code in reference to counter-claims were enacted, and rested upon the doctrine of recoupment of damages established by the case of *Reab* v. *McAlister* (8 Wend., 109); a doctrine conceded to be more limited than the statutory counter-claim under which the defendant here seeks to be allowed his damages. Under the provisions of the Code (§§ 149, 150), there are two classes of counter-claims, indicated by the first and second subdivisions of section 150. The second subdivision, prescribing the second class of counter-claims allowed to be set up, so far as it relates to the subject-matter in hand, is as follows: "In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action." The cause of action which the defendant sets up as a counter-claim is one arising on contract. It is not a trespass or a tort, but solely a claim for the violation of an express contract. The plaintiffs, to put on the new roof, entered under the contract and as matter of right, having promised to do what they were granted the privilege of doing, in a careful workmanlike manner, and diligently, so that the beneficial enjoyment of the premises would not be prevented or unnecessarily interfered with. They failed to do this, and the defendant's claim for such failure necessarily arises out of contract, and is one *relating* to the subject-matter of the action, namely, the use of the premises demised; though perhaps not *connected* with the subject of the action, namely, the payment of the rent as declared by the cases, *supra*. The Code thus providing that when, as in this case, the action arises on contract, "any other cause of action arising on contract" may be set up as a counter-claim, the defense interposed herein,

arising, as it does, on contract, is a valid defense and cannot be rejected. The design of the statute is to avoid circuity of action, allowing parties to settle their differences by the examination of mutual demands, and arraying them each against the other. This object seems to be very clearly expressed by the language employed : "Any *other* cause of action arising *also* on contract;" and by the further provision : "The defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both;" thus establishing a consolidation of causes of action through the medium of an answer, and giving the parties an opportunity, in one litigation, of disposing of various claims, if they really exist, or are asserted to have some foundation in fact. For these reasons it is thought that the defense was proper, and the decision of the court at Special Term correct. The suggestion that the agreement is without consideration, is not, under the circumstances of this case, entitled to serious examination. The plaintiffs have enjoyed the advantages of the contract. It is executed, and they must accept the burdens it imposed, whatever they may be. The proposition that the agreement was a naked or conditional license, and revokable at pleasure, is not available to the plaintiffs as a release from any obligation incurred by its use. The defendant could not have withdrawn it, as suggested by the learned presiding justice in deciding the demurrer, after the plaintiff had partially completed the roof. This seems to be demonstrated by the cases which he cites: *Mumford* v. *Whitney* (15 Wend., 380); *Pierrepont* v. *Barnard* (2 Seld., 279); see, also, *Miller* v. *The Auburn and Syracuse R. R. Co.* (6 Hill, 61). But being executed and unrevoked, it is clear on the authorities, that even if the agreement were a mere license and without consideration, it would be a justification of the act of entering upon the premises to erect the roof, and therefore binding. The consideration of the agreement here was the benefit derived from the completion of the new roof, while the premises were occupied by a tenant paying rent. The order made at Special Term should be affirmed, with costs.

DANIELS, J., concurred.

Order affirmed.